ISHEE, J.,
for the Court.
¶ 1. This cause was brought to trial in the Circuit Court of Clarke County by the State of Mississippi against William Eugene “Sonny” McGruder for the sale of cocaine in violation of Miss.Code Ann. §§ 41-29-139; 41-29-147 (Rev.2001). After trial on the merits, McGruder was convicted of the crime of cocaine sale. The defendant timely appealed after the denial of his post-trial motions. We find no error and affirm the judgment.
FACTS
¶ 2. Agents of the East Mississippi Drug Task Force went to the home of McGruder on or about October 18, 2001, and McGru-der sold 0.46 grams of cocaine to one of the agents. McGruder was subsequently arrested, indicted, and convicted on the charge of cocaine sale. McGruder was sentenced to ten years in the custody of the Mississippi Department of Corrections plus costs, fines, and fees. Aggrieved by this verdict, McGruder asserts the following errors on appeal: (1) whether the trial court erred in denying an instruction that was cumulative and duplicative; (2) wheth *1168 er there were discovery violations that prejudiced the defendant; (3) whether the trial court erred in admitting the testimony of rebuttal witnesses; and (4) whether the jury verdict was against the overwhelming weight of the evidence.
ISSUES AND ANALYSIS
I. Whether the trial court erred in denying an instruction that was cumulative and duplicative.
¶ 3. McGruder asserts on appeal that the trial court erred in McGruder’s jury instruction D-4 while denying instruction D-3 as duplicative. The trial court’s decision on jury instructions will not constitute reversible error so long as the refusal to grant an instruction is based upon that instruction’s similarity to an instruction previously given. Montana v. State, 822 So.2d 954, 961 (¶ 26) (Miss.2002). Furthermore, in determining whether the decision of the trial court constitutes reversible error, the refusal of the single instruction, when considered in conjunction with the granted instructions, must have denied the defendant a critical element of his case. Higgins v. State, 725 So.2d 220, 223(¶ 16) (Miss.1998).
¶ 4. McGruder’s instructions D-3 and D-4 were substantially the same and dealt with the issue of witness credibility. However D-3, the refused instruction, included a final paragraph that stated as follows:
The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.
¶ 5. It is clear from the record that the trial court specifically addressed this last paragraph and determined that it was inappropriate in the greater context of the facts of the case. The matter was in the sound discretion of the trial judge, and we cannot say that the decision to exclude instruction D-3 constitutes reversible error.
II. Whether there were discovery violations by the State that prejudiced McGruder.
¶ 6. McGruder asserts that two alleged discovery violations prejudiced his defense at trial. First, McGruder asserts that the trial court should have excluded a photo lineup used by the narcotics agent to identify him that was first produced on the day of trial. McGruder further challenges the identification photos presented at trial, as they were not produced in the photo template as presented to the narcotics agent. Secondly, McGruder alleges that Officer David Snowden improperly threatened his alibi witness, Theresa Kirkland.
¶ 7. In Box v. State, the Mississippi Supreme Court reversed and remanded a conviction of armed robbery where the identity of a key witness was not revealed until the evening before trial. Box v. State, 437 So.2d 19 (Miss.1983). In a specially concurring opinion, Justice Robertson enumerated guidelines for trial courts to follow when dealing with newly discovered, otherwise admissible, evidence. Box, 437 So.2d at 21. First, the defendant, after timely objection, should be given a reasonable opportunity to interview the newly discovered witness, or to examine the newly discovered evidence. Second, if the defendant believes that he has been subject to unfair prejudice, or that his defense will be prejudiced, the defendant should request a continuance. Third, should the State elect to use the witness or evidence, the trial judge has considerable discretion in deciding whether to grant a continuance or new trial. Id. at 23. Fur *1169 thermore, the supreme court has further illuminated the Box standards and has held that failure to request a continuance constitutes a waiver of the discovery issue. Harrison v. State, 635 So.2d 894, 898 (Miss.1994).
¶ 8. It is clear from the record that the trial followed the guidelines of Box, allowed McGruder to inspect the photographic evidence prior to admission, and found that there was no discovery violation or surprise. McGruder failed to request a continuance, and the trial proceeded. It is important to note when examining this issue that McGruder’s defense was based upon an alibi, and not misidentification. As such there was no prejudice, and McGruder’s failure to request a continuance constitutes a waiver of the issue. For the foregoing reasons, McGruder’s second assignment of error is without merit.
III. Whether the trial court erred in admitting the testimony of rebuttal witnesses.
¶ 9. McGruder next asserts that the trial court erred in allowing the testimony of six rebuttal witnesses to his claim of alibi. This objection was neither raised at trial nor raised or preserved in McGru-der’s motion for new trial. McGruder’s objection is procedurally barred. Thornhill v. State, 561 So.2d 1025, 1029 (Miss.1989). Furthermore, assuming arguendo that the objection is not barred, we cannot say that the trial court’s decision constitutes an abuse of discretion. McGruder’s assignment is without merit.
IV. Whether the jury verdict was against the overwhelming weight of the evidence.
¶ 10. McGruder’s catchall assignment of error found to be without merit.
¶ 11. THE JUDGMENT OF THE CLARKE COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.